UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WISCONSIN

In re:

Michael A. Gral,

        Debtor.

Case No. 16-21329
Chapter 11

Donald A. Gral,
Donald J. Gral,
Integral, LLC
Integral Investments, LLC
Integral Investments Prospect, LLC
Integral Investments Silver Spring, LLC
Integral 2314 Wyoming, LLC
Integral 2545 Stowell, LLC
Gral Investment Company, LLC
Integral Services, LLC
Integral Management Company, LLC
Gallagher Gral, LLC
GG 252 Highland, LLC
Glendale Medical Investments, LLC
CWD Equity, LLC
Integral Medical, LLC
Glendale Medical Center, LLC
LDG Investments, LLC
Prospect Avenue Holdings, LLC
GG 3939, LLC,

        Plaintiffs,

v.

Michael A. Gral, debtor in possession, and
The Bankruptcy Estate of Michael A. Gral,

        Defendants.

Adversary Proceeding

No. _____

## COMPLAINT FOR DECLARATORY JUDGMENTS

The plaintiffs named above, by their undersigned attorneys, bring this complaint against

Michael A. Gral, in his capacity as debtor in possession in this case, and against the bankruptcy

estate of Michael A. Gral (the "Estate").

## OVERVIEW

1.        In this action, 20 plaintiffs −18 limited liability companies (sometimes referred to as the "LLC plaintiffs") and two individuals – seek a determination that none of them received any transfers from Michael A. Gral (the "Debtor") that may be avoided as fraudulent transfers pursuant to §§ 544 or 548 of the United States Bankruptcy Code, 11 U.S.C. §§ 101 *et seq*. (the "Code"), or recovered from them pursuant to § 550 of the Code.

2.        The LLC plaintiffs further seek a determination that the assets they own are not property of the Estate, and cannot be made property of the Estate, through or by virtue of such legal doctrines as alter ego, veil-piercing, reverse veil-piercing or substantive consolidation.

3.        The two individual plaintiffs further seek a determination that they did not at any time conspire with the Debtor to defraud or cause injury to creditors of the Debtor.

4.        The two individual plaintiffs and three of the LLC plaintiffs further seek a determination that their claims against the Debtor and the Estate are allowed pursuant to § 502 of the Code, and are not subject to subordination under § 510(c) or any other provision of the Code.

## JURISDICTION

5.        This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334(b) and the Order of Reference from the district court dated July 10, 1984.  As to those causes of action requiring a determination of whether assets are property of the Debtor or the Estate, this Court's jurisdiction is exclusive pursuant to 28 U.S.C. § 1334(e)(1).

6.        This action is a proceeding "to determine . . . fraudulent conveyances," and for the "allowance . . . of claims against the estate," and to determine whether the LLC plaintiffs' assets are actually property of the Estate, thus "concerning the administration of the estate" and "affecting the liquidation of the assets of the estate."  It is therefore a core proceeding pursuant to sub-paragraphs (H), (B), (A) and (O) of 28 U.S.C. § 157(b)(2).

7.      If notwithstanding their designation as core proceedings in 28 U.S.C. § 157(b)(2), any claims raised in this action are only proceedings related to the Debtor's case under 28 U.S.C. § 157(c)(1), the plaintiffs expressly consent to this Court making final determinations and entering judgments with respect to all such claims pursuant to 28 U.S.C. § 157(c)(2).

## PARTIES

8.      The Debtor is an individual who resides at 6823 N. Barnett Lane in Milwaukee, Wisconsin.  He filed this chapter 11 case on February 20, 2016 (the "Petition Date"), and is named as defendant because as debtor in possession he functions as a trustee in control the Estate.

9.      In June 2006, the Debtor and his wife created the Michael A. Gral and Julia G. Gral Living Trust (the "Trust") and later transferred most of their assets to it.  The Trust was not designed to protect its assets from claims by creditors of the Debtor.

10.     For purposes of the Debtor's bankruptcy case, the Trust has been ignored and its assets are acknowledged to be part of the Estate.  Hereafter, allegations that a membership interest in one of the LLC plaintiffs "is owned" by the Debtor means such interest was titled in the Trust as of the Petition Date and has become part of the Estate.

11.     Plaintiff Donald A. Gral is an individual who resides at 5530 Scenic Drive in West Bend, Wisconsin.  He and his wife (Jane) have created a living trust which, for estate planning purposes, holds many of their assets.  For ease of reference, that trust is disregarded in this Complaint.

12.     Plaintiff Donald J. Gral is an individual who resides at 6311 N. Berkeley Blvd. in Milwaukee, Wisconsin.

13.     Plaintiff Integral, LLC is a Wisconsin limited liability company, with its principal office at 1437 North Prospect Avenue, Suite 100 in Milwaukee, Wisconsin (the "Prospect Office").  Integral[1] is owned by the Debtor and Donald J. Gral in equal shares.

---

[1] After they are once described using their full legal names, the LLC plaintiffs will be referred to without the "LLC" suffix.

14. Plaintiff Integral Investments, LLC is a Wisconsin limited liability company, with its principal office at the Prospect Office. Integral Investments is owned 100% by Integral.

15. Plaintiff Integral Investments Prospect, LLC is a Wisconsin limited liability company, with its principal office at the Prospect Office. Integral Investments Prospect is owned 100% by Integral Investments, and owns real property located at 1437 N. Prospect Avenue in Milwaukee.

16. Plaintiff Integral Investments Silver Spring, LLC is a Wisconsin limited liability company, with its principal office at the Prospect Office. Integral Investments Silver Spring is owned 100% by Integral Investments, and owns real property located at 505 West Silver Spring Drive in Glendale, Wisconsin.

17. Plaintiff Integral 2314 Wyoming, LLC is a Wisconsin limited liability company, with its principal office at the Prospect Office. Integral 2314 Wyoming is owned 100% by Integral Investments, and owns real property located at 2314 East Wyoming Place in Milwaukee.

18. Plaintiff Integral 2545 Stowell, LLC is a Wisconsin limited liability company, with its principal office at the Prospect Office. Integral 2545 Stowell is owned 75% by Integral Investments and 25% by Patrick Gallagher. It owns real property located at 2545 N. Stowell Avenue in Milwaukee.

19. Plaintiff Gral Investment Company, LLC (f/k/a Gral Company, LLC), is a Wisconsin limited liability company, with its principal office at the Prospect Office. Gral Investment Company is owned in equal shares by the Debtor, Donald A. Gral, Donald J. Gral, and Louis Gral. Gral Investment Company owns real property located at 9233 N. Green Bay Road in Brown Deer, Wisconsin.

20. Plaintiff Integral Services, LLC is a Wisconsin limited liability company, with its principal office at the Prospect Office. Integral Services is owned by the Debtor and Donald J. Gral in equal shares.

21.     Plaintiff Integral Management Company, LLC is a Wisconsin limited liability company, with its principal office at the Prospect Office. Integral Management Company is owned 100% by Integral Services.

22.     Plaintiff Gallagher Gral, LLC is a Wisconsin limited liability company, with its principal office at the Prospect Office. Gallagher Gral is owned by the Debtor and Patrick Gallagher in equal shares.

23.     Plaintiff GG 252 Highland, LLC is a Wisconsin limited liability company. GG 252 Highland is 66.67% owned by Gallagher Gral, and four individuals own the remaining 33.33%. It owns real property located at 252 East Highland Avenue in Milwaukee, which is also the location of its principal office.

24.     Plaintiff Glendale Medical Investments, LLC is a Wisconsin limited liability company, with its principal office at the Prospect Office. Glendale Medical Investments is owned by Julia Gral and Donald J. Gral in equal shares.

25.     Plaintiff CWD Equity, LLC is a Wisconsin limited liability company, with its principal office at 4024 North Stowell Avenue in Shorewood, Wisconsin. CWD Equity is owned by Daniel J. Walsh and Carol G. Walsh in equal shares.

26.     Plaintiff Integral Medical, LLC is a Wisconsin limited liability company, with its principal office at the Prospect Office. Integral Medical is owned in equal shares by Glendale Medical Investments, CWD Equity and Margolis Gral, LLC.

27.     Plaintiff Glendale Medical Center, LLC is a Wisconsin limited liability company, with its principal office at the Prospect Office. Glendale Medical Center is owned 100% by Integral Medical, and owns real property located at 5650 North Green Bay Road in Glendale, Wisconsin.

28.     Plaintiff LDG Investments, LLC is a Wisconsin limited liability company, with its principal office at 1429 North Prospect Avenue, Milwaukee, Wisconsin. LDG Investments is

owned by Donald A. Gral and Louis Gral in equal shares. It owns real property located at the following addresses: 2504-2508 N. Stowell Avenue in Milwaukee; 204-206 Williamsburg Drive in Thiensville, Wisconsin; 1429 N. Prospect Avenue in Milwaukee; and 5201-5219 West Howard Avenue in Milwaukee.

29.     Plaintiff Prospect Avenue Holdings, LLC is a Wisconsin limited liability company, with its principal office at the Prospect Office. Prospect Avenue Holdings is owned by Donald A. Gral and Donald J. Gral in equal shares.

30.     Plaintiff GG 3939, LLC is a Wisconsin limited liability company, with its principal office at the Prospect Office. GG 3939 is owned by Prospect Avenue Holdings and Patrick Gallagher in equal shares, and owns real property located at 3939 N. Murray Avenue in Shorewood, Wisconsin.

31.     Exhibits A and B depict the LLC plaintiffs, the ownership interest (if any) held by the Debtor, and the real estate (if any) owned by them. Exhibit C summarizes the Debtor's indirect ownership interests in various real estate through some of the LLC plaintiffs.

**FACTUAL ALLEGATIONS – PLAINTIFFS' CLAIMS AGAINST THE DEBTOR**

32.     Plaintiff Donald A. Gral is an unsecured creditor of the Debtor, owed nearly $2.0 million. The bases for his claims are set forth in detail in the proofs of claim (Nos. 18 and 19 on the claims docket) that he filed in this case.

33.     Plaintiff Donald J. Gral is an unsecured creditor of the Debtor, owed $1,615,572. The basis for his claim is set forth in detail in the proof of claim (No. 23 on the claims docket) that he filed in this case.

34.     Plaintiff Gral Investment Company is an unsecured creditor of the Debtor, owed more than $386,630. The basis for its claim is set forth in detail in the proof of claim (No. 21 on the claims docket) that Gral Investment Company filed in this case

6

35.     Plaintiff Integral Investments is an unsecured creditor of the Debtor, owed about $25,200. Its claim is listed on the Debtor's schedules and is not identified as disputed, contingent or unliquidated.

36.     Plaintiff Integral Management Company is an unsecured creditor of the Debtor, owed $76,550. Its claim is listed on the Debtor's schedules and is not identified as disputed, contingent or unliquidated.

## FACTUAL ALLEGATIONS – THE CREDITOR REMEDIES ACTION

37.     Bielinski Bros. Builders, Inc. ("Bielinski") is an unsecured creditor of the Debtor based on the breach of a settlement agreement entered into in 2006. The exact amount owed to Bielinski is disputed, but not less than $3.0 million.

38.     SB1 Cedarburg LLC ("SB1") is an unsecured creditor of the Debtor for about $3,160,000. SB1's claim represents the deficiency balance on a mortgage loan, personally guaranteed by the Debtor, that SB1 bought at a large discount from Associated Bank and then foreclosed.

39.     In July 2013, Bielinski filed a lawsuit in the Circuit Court for Milwaukee County, Wisconsin against the Debtor, his wife, the Trust, all of the current plaintiffs, and others (the "Creditor Remedies Lawsuit").

40.     Bielinski's second amended complaint in the Creditor Remedies Lawsuit alleged that (a) some of the current plaintiffs had received fraudulent transfers from the Debtor that could be recovered pursuant to Wis. Stat. §§ 242.04 and 242.05; (b) the current LLC plaintiffs were the Debtor's "alter egos," justifying reverse piercing of the corporate veil so that their assets became available to satisfy the claims of the Debtor's personal creditors; and (c) the current individual plaintiffs had conspired with the Debtor for the purpose of "injuring the business interests of creditors of [the Debtor]" and "to defraud creditors."

41.     Without objection, SB1 was permitted to intervene as an additional plaintiff in the Creditor Remedies Lawsuit.

42.     At the outset of the Debtor's bankruptcy case, Bielinski characterized the Creditor Remedies Lawsuit as the "Fraudulent Transfer Action."  A few months later, Bielinski relabeled the same case as the "2013 Alter Ego Litigation."

43.     Regardless of which causes of action Bielinski chose to emphasize as a shorthand, the Creditor Remedies Lawsuit was not about proving the existence or amount of debts.  Both Bielinski and SB1 already had judgments against the Debtor.  Instead, the Creditor Remedies Lawsuit was an exercise by Bielinski, joined by SB1, of their collection rights and remedies as judgment creditors.

44.     Those collection rights and remedies were not unique to Bielinski or SB1.  Indeed, the fact that Bielinski and SB1 – whose claims against the Debtor were very different – could both invoke the causes of action pled in the Creditor Remedies Lawsuit shows that those rights were available and common to any creditor of the Debtor as of the Petition Date.

## FACTUAL ALLEGATIONS – ALL CREDITOR REMEDIES
## BECAME ASSETS OF THE ESTATE

45.     When the Debtor filed his chapter 11 petition, he was – pursuant to § 1107(a) of the Code and subject to a few unimportant exceptions – vested with all the rights and powers of a trustee.

46.     Pursuant to § 544(a) of the Code, a trustee has all of the rights and powers of a real or hypothetical creditor who has a judicial lien against the debtor's assets, or whose judgment against the debtor has not been satisfied through execution.  Whatever remedies such a creditor would have under applicable state law, the trustee can exercise those remedies for the benefit of the estate.

47.     A trustee's rights and powers under § 544(a) include avoiding fraudulent transfers, pursing the debtor's alter egos, and seeking redress for misconduct by the debtor – such as conspiring with others – that was intended to defraud creditors generally.

8

48.     To the extent any of the allegations in the Creditor Remedies Lawsuit are true, the claims and remedies that would result have all become property of the Estate and can now only be exercised by the Debtor-qua-trustee for the benefit of all creditors.

### FACTUAL ALLEGATIONS – NEED FOR PROMPT DETERMINATION

49.     The plaintiffs' potential liability to the Estate has pervaded the Debtor's chapter 11 proceedings.  The underlying allegations of fraudulent transfers, alter ego, veil-piecing and conspiracy have been repeated by Bielinski in numerous pleadings; formed the subject of a Rule 9019 compromise motion by the Debtor; were investigated by an examiner; are treated in competing plans; and prevented a successful mediation of global issues in the case.

50.     In order for the plaintiffs to conduct their respective businesses and plan their own financial affairs, they need certainty with respect to the Estate's potential claims against them.

51.     Likewise, the Debtor and the Estate need prompt resolution in order to complete the reorganization process and avoid the cost and inefficiency of competing plans.

### FACTUAL ALLEGATIONS – NO FRAUDULENT TRANSFERS

52.     None of the plaintiffs has received any transfers made by the Debtor with an actual intent to hinder, delay or defraud his creditors.

53.     None of the plaintiffs has received any transfers made by the Debtor in exchange for less than reasonably equivalent value at a time when the Debtor was insolvent, or as a result of which he became insolvent.

54.     None of the plaintiffs has received any transfers made by the Debtor in exchange for less than reasonably equivalent value at a time when the Debtor was engaged or was about to engage in a business or a transaction for which his remaining assets were unreasonably small in relation to that business or transaction.

9

55.     None of the plaintiffs has received any transfers made by the Debtor in exchange for less than reasonably equivalent value at a time when the Debtor intended to incur, or believed or reasonably should have believed that he would incur, debts beyond his ability to pay as they became due.

### FACTUAL ALLEGATIONS – NO ALTER EGOS

56.     The Debtor is a 50% owner of Integral.  Integral has an existence and purpose independent of the Debtor.  The Debtor has never controlled or dominated Integral to such an extent that this company is, has become, or should be treated as a mere instrumentality or alter ego of the Debtor.

57.     The Debtor is an indirect 50% owner of Integral Investments, Integral Investments Prospect, Integral Investments Silver Spring, and Integral 2314 Wyoming.  These companies each have an existence and purpose independent of the Debtor.  The Debtor has never controlled or dominated any of these companies to such an extent that they are, have become, or should be treated as mere instrumentalities or alter egos of the Debtor.

58.     The Debtor is an indirect 37.5% owner of Integral 2545 Stowell.  Integral 2545 Stowell has an existence and purpose independent of the Debtor.  The Debtor has never controlled or dominated Integral 2545 Stowell to such an extent that this company is, has become, or should be treated as a mere instrumentality or alter ego of the Debtor.

59.     The Debtor is a 25% owner of Gral Investment Company.  Gral Investment Company has an existence and purpose independent of the Debtor.  The Debtor has never controlled or dominated Gral Investment Company to such an extent that this company is, has become, or should be treated as a mere instrumentality or alter ego of the Debtor.

60.     The Debtor is a 50% owner of Integral Services.  Integral Services has an existence and purpose independent of the Debtor.  The Debtor has never controlled or dominated

Integral Services to such an extent that this company is, has become, or should be treated as a mere instrumentality or alter ego of the Debtor.

61.     The Debtor is an indirect 50% owner of Integral Management Company. Integral Management Company has an existence and purpose independent of the Debtor. The Debtor has never controlled or dominated Integral Management Company to such an extent that this company is, has become, or should be treated as a mere instrumentality or alter ego of the Debtor.

62.     The Debtor is a 50% owner of Gallagher Gral. Gallagher Gral has an existence and purpose independent of the Debtor. The Debtor has never controlled or dominated Gallagher Gral to such an extent that this company is, has become, or should be treated as a mere instrumentality or alter ego of the Debtor.

63.     The Debtor is an indirect 33.33% owner of GG 252 Highland. GG 252 Highland has an existence and purpose independent of the Debtor. The Debtor has never controlled or dominated GG 252 Highland to such an extent that this company is, has become, or should be treated as a mere instrumentality or alter ego of the Debtor.

64.     The Debtor owns no direct interest in Glendale Medical Investment ("GMI"), but has a marital property interest in Julia Gral's 50% ownership. GMI has an existence and purpose independent of the Debtor. The Debtor has never controlled or dominated GMI to such an extent that this company is, has become, or should be treated as a mere instrumentality or alter ego of the Debtor.

65.     The Debtor owns no interest in CWD Equity, which has an existence and purpose independent of the Debtor. The Debtor has never controlled or dominated CWD Equity to such an extent that this company is, has become, or should be treated as a mere instrumentality or alter ego of the Debtor.

66.     The Debtor owns no interest in Integral Medical, but has an indirect $^1/_6$ marital property stake through Julia Gral's 50% ownership of GMI. Integral Medical has an existence

and purpose independent of the Debtor. The Debtor has never controlled or dominated Integral Medical to such an extent that this company is, has become, or should be treated as a mere instrumentality or alter ego of the Debtor.

67. The Debtor owns no interest in Glendale Medical Center, but has an indirect $^1/_6$ marital property stake through Julia Gral's 50% ownership of GMI. Glendale Medical Center has an existence and purpose independent of the Debtor. The Debtor has never controlled or dominated Glendale Medical Center to such an extent that this company is, has become, or should be treated as a mere instrumentality or alter ego of the Debtor.

68. The Debtor owns no interest in LDG Investments. LDG Investments has an existence and purpose independent of the Debtor. The Debtor has never controlled or dominated LDG Investments to such an extent that this company is, has become, or should be treated as a mere instrumentality or alter ego of the Debtor.

69. The Debtor owns no interest in Prospect Avenue Holdings. Prospect Avenue Holdings has an existence and purpose independent of the Debtor. The Debtor has never controlled or dominated Prospect Avenue Holdings to such an extent that this company is, has become, or should be treated as a mere instrumentality or alter ego of the Debtor.

70. The Debtor owns no interest in GG 3939. GG 3939 has an existence and purpose independent of the Debtor. The Debtor has never controlled or dominated GG 3939 to such an extent that this company is, has become, or should be treated as a mere instrumentality or alter ego of the Debtor.

## FACTUAL ALLEGATIONS – NO CONSPIRACIES TO DEFRAUD OR CAUSE INJURY TO CREDITORS

71. Plaintiff Donald A. Gral has never conspired with the Debtor or any other person or entity for the purpose of defrauding creditors of the Debtor or causing injury to their business interests.

12

72.    Plaintiff Donald A. Gral has never committed wrongful acts in furtherance of a conspiracy to defraud creditors of the Debtor or to cause injury to their business interests.

73.    Plaintiff Donald J. Gral has never conspired with the Debtor or any other person or entity for the purpose of defrauding creditors of the Debtor or causing injury to their business interests.

74.    Plaintiff Donald J. Gral has never committed wrongful acts in furtherance of a conspiracy to defraud creditors of the Debtor or to cause injury to their business interests.

**FACTUAL ALLEGATIONS – NO INEQUITABLE CONDUCT
PREJUDICIAL TO OTHER CREDITORS**

75.    As a creditor of the Debtor, plaintiff Donald A. Gral has not engaged in inequitable conduct that injured other creditors or conferred an unfair advantage on him.

76.    As a creditor of the Debtor, plaintiff Donald J. Gral has not engaged in inequitable conduct that injured other creditors or conferred an unfair advantage on him.

77.    As a creditor of the Debtor, plaintiff Integral Investments has not engaged in inequitable conduct that injured other creditors or conferred an unfair advantage on Integral Investment.

78.    As a creditor of the Debtor, plaintiff Gral Investment Company has not engaged in inequitable conduct that injured other creditors or conferred an unfair advantage on Gral Investment Company.

79.    As a creditor of the Debtor, plaintiff Integral Management Company has not engaged in inequitable conduct that injured other creditors or conferred an unfair advantage on Integral Management Company.

80.    Donald A. Gral, Donald J. Gral, Integral Investments, Gral Investment Company and Integral Management Company are insiders of the Debtor as defined in §101(31) of the Code.

81.    The Official Committee of Unsecured Creditors in this case (the "Committee"), controlled by Bielinski and SB1, has filed a plan of reorganization that subordinates the claims of

"Insiders" to the claims of all other creditors. No grounds are stated in the Committee's plan for the proposed subordination of "Insider" claims.

## FIRST CAUSE OF ACTION – DETERMINATION THAT PLAINTIFFS DID NOT RECEIVE FRAUDULENT TRANSFERS

82.     Plaintiffs reallege and incorporate by reference the jurisdictional and factual allegations in paragraphs 1 through 81.

83.     In his role as trustee of the Estate, the Debtor can avoid fraudulent transfers under § 548 of the Code. Under § 544(a) of the Code, the Debtor can also exercise any rights and powers of a creditor to avoid fraudulent transfers under applicable state law – in this case, Wis. Stat. §§ 242.04 and 242.05.

84.     Once he has avoided a fraudulent transfer, the Debtor (still as trustee) can, pursuant to § 550 of the Code, recover the transferred property or its value from immediate or mediate transferees for the benefit of the Estate.

85.     None of the plaintiffs has received a fraudulent transfer that is avoidable by the Debtor under § 548 or § 544(a) of the Code or recoverable from them under § 550.

86.     The plaintiffs are entitled to a declaratory judgment that they have not received fraudulent transfers that may be avoided and recovered from them for the benefit of the Estate.

## SECOND THROUGH NINETEENTH CAUSES OF ACTION – DETERMINATIONS THAT ASSETS OF THE LLC PLAINTIFFS ARE NOT PROPERTY OF THE ESTATE

87.     Plaintiffs reallege and incorporate by reference the jurisdictional and factual allegations in paragraphs 1 through 81.

88.     Plaintiff Integral is not the alter ego or a mere instrumentality of the Debtor. Accordingly, there is no legal basis or equitable grounds for attaching or liquidating its assets for the benefit of the Debtor's personal creditors.

14

89. Plaintiff Integral Investments is not the alter ego or a mere instrumentality of the Debtor. Accordingly, there is no legal basis or equitable grounds for attaching or liquidating its assets for the benefit of the Debtor's personal creditors.

90. Plaintiff Integral Investments Prospect is not the alter ego or a mere instrumentality of the Debtor. Accordingly, there is no legal basis or equitable grounds for attaching or liquidating its assets for the benefit of the Debtor's personal creditors.

91. Plaintiff Integral Investments Silver Spring is not the alter ego or a mere instrumentality of the Debtor. Accordingly, there is no legal basis or equitable grounds for attaching or liquidating its assets for the benefit of the Debtor's personal creditors.

92. Plaintiff Integral 2314 Wyoming is not the alter ego or a mere instrumentality of the Debtor. Accordingly, there is no legal basis or equitable grounds for attaching or liquidating its assets for the benefit of the Debtor's personal creditors.

93. Plaintiff Integral 2545 Stowell is not the alter ego or a mere instrumentality of the Debtor. Accordingly, there is no legal basis or equitable grounds for attaching or liquidating its assets for the benefit of the Debtor's personal creditors.

94. Plaintiff Gral Investment Company is not the alter ego or a mere instrumentality of the Debtor. Accordingly, there is no legal basis or equitable grounds for attaching or liquidating its assets for the benefit of the Debtor's personal creditors.

95. Plaintiff Integral Services is not the alter ego or a mere instrumentality of the Debtor. Accordingly, there is no legal basis or equitable grounds for attaching or liquidating its assets for the benefit of the Debtor's personal creditors.

96. Plaintiff Integral Management Company is not the alter ego or a mere instrumentality of the Debtor. Accordingly, there is no legal basis or equitable grounds for attaching or liquidating its assets for the benefit of the Debtor's personal creditors.

97.     Plaintiff Gallagher Gral is not the alter ego or a mere instrumentality of the Debtor.  Accordingly, there is no legal basis or equitable grounds for attaching or liquidating its assets for the benefit of the Debtor's personal creditors.

98.     Plaintiff GG 252 Highland is not the alter ego or a mere instrumentality of the Debtor.  Accordingly, there is no legal basis or equitable grounds for attaching or liquidating its assets for the benefit of the Debtor's personal creditors.

99.     Plaintiff GMI is not the alter ego or a mere instrumentality of the Debtor.  Accordingly, there is no legal basis or equitable grounds for attaching or liquidating its assets for the benefit of the Debtor's personal creditors.

100.     Plaintiff CWD Equity is not the alter ego or a mere instrumentality of the Debtor.  Accordingly, there is no legal basis or equitable grounds for attaching or liquidating its assets for the benefit of the Debtor's personal creditors.

101.     Plaintiff Integral Medical is not the alter ego or a mere instrumentality of the Debtor.  Accordingly, there is no legal basis or equitable grounds for attaching or liquidating its assets for the benefit of the Debtor's personal creditors.

102.     Plaintiff Glendale Medical Center is not the alter ego or a mere instrumentality of the Debtor.  Accordingly, there is no legal basis or equitable grounds for attaching or liquidating its assets for the benefit of the Debtor's personal creditors.

103.     Plaintiff LDG Investments is not the alter ego or a mere instrumentality of the Debtor.  Accordingly, there is no legal basis or equitable grounds for attaching or liquidating its assets for the benefit of the Debtor's personal creditors.

104.     Plaintiff Prospect Avenue Holdings is not the alter ego or a mere instrumentality of the Debtor.  Accordingly, there is no legal basis or equitable grounds for attaching or liquidating its assets for the benefit of the Debtor's personal creditors.

105.     Plaintiff GG 3939 is not the alter ego or a mere instrumentality of the Debtor. Accordingly, there is no legal basis or equitable grounds for attaching or liquidating its assets for the benefit of the Debtor's personal creditors.

106.     Each of the 18 LLC plaintiffs is entitled to a declaratory judgment that the assets they own are not property of the Estate, and cannot be made property of the Estate, through or by virtue of such legal doctrines as alter ego, veil-piercing, or substantive consolidation.

## TWENTIETH CAUSE OF ACTION – DETERMINATION THAT DONALD A. GRAL DID NOT CONSPIRE TO DEFRAUD OR CAUSE INJURY TO CREDITORS OF THE DEBTOR

107.     Plaintiffs reallege and incorporate by reference the jurisdictional and factual allegations in paragraphs 1 through 81.

108.     If plaintiff Donald A. Gral conspired to defraud or injure creditors of the Debtor, the claim to remedy the harm caused by such conspiracy is an asset of the Estate.

109.     Donald A. Gral is entitled to a declaratory judgment that he did not at any time conspire to defraud or cause injury to creditors of the Debtor.

## TWENTY-FIRST CAUSE OF ACTION – DETERMINATION THAT DONALD J. GRAL DID NOT CONSPIRE TO DEFRAUD OR CAUSE INJURY TO CREDITORS OF THE DEBTOR

110.     Plaintiffs reallege and incorporate by reference the jurisdictional and factual allegations in paragraphs 1 through 81.

111.     If plaintiff Donald J. Gral conspired to defraud or injure creditors of the Debtor, the claim to remedy the harm caused by such conspiracy is an asset of the Estate.

112.     Donald J. Gral is entitled to a declaratory judgment that he did not at any time conspire to defraud or cause injury to creditors of the Debtor.

17

## TWENTY-SECOND CAUSE OF ACTION – DETERMINATION
## THAT THE CLAIMS OF DONALD A. GRAL ARE ALLOWED
## AND NOT SUBORDINATED

113.    Plaintiffs reallege and incorporate by reference the jurisdictional and factual allegations in paragraphs 1 through 81.

114.    Plaintiff Donald A. Gral has timely filed proofs of claims against the Debtor.

115.    The claims of Donald A. Gral are based on valid debts of the Debtor, and are allowable as unsecured claims pursuant to § 502 of the Code.

116.    Donald A. Gral is entitled to a declaratory judgment that his claims against the Debtor and the Estate are allowed pursuant to § 502 of the Code, and are not subject to subordination under § 510(c) or any other provision of the Code.

## TWENTY-THIRD CAUSE OF ACTION – DETERMINATION
## THAT THE CLAIM OF DONALD J. GRAL IS ALLOWED
## AND NOT SUBORDINATED

117.    Plaintiffs reallege and incorporate by reference the jurisdictional and factual allegations in paragraphs 1 through 81.

118.    Plaintiff Donald J. Gral has timely filed a proof of claim against the Debtor.

119.    The claim of Donald J. Gral is based on a valid debt of the Debtor, and is allowable as an unsecured claim pursuant to § 502 of the Code.

120.    Donald J. Gral is entitled to a declaratory judgment that his claim against the Debtor and the Estate is allowed pursuant to § 502 of the Code, and is not subject to subordination under § 510(c) or any other provision of the Code.

## TWENTY-FOURTH CAUSE OF ACTION – DETERMINATION THAT
## THE CLAIM OF INTEGRAL INVESTMENTS IS ALLOWED
## AND NOT SUBORDINATED

121.    Plaintiffs reallege and incorporate by reference the jurisdictional and factual allegations in paragraphs 1 through 81.

18

122.     Plaintiff Integral Investments has timely filed a proof of claim against the Debtor.

123.     The claim of Integral Investments is based on a valid debt of the Debtor, and is allowable as an unsecured claim pursuant to § 502 of the Code.

124.     Integral Investments is entitled to a declaratory judgment that its claim against the Debtor and the Estate is allowed pursuant to § 502 of the Code, and is not subject to subordination under § 510(c) or any other provision of the Code.

### TWENTY-FIFTH CAUSE OF ACTION – DETERMINATION THAT THE CLAIM OF GRAL INVESTMENT COMPANY IS ALLOWED AND NOT SUBORDINATED

125.     Plaintiffs reallege and incorporate by reference the jurisdictional and factual allegations in paragraphs 1 through 81.

126.     Plaintiff Gral Investment Company holds an unsecured claim against the Debtor that is correctly listed in the Debtor's schedules.

127.     The claim of Gral Investment Company is based on a valid debt of the Debtor, and is allowable as an unsecured claim pursuant to § 502 of the Code.

128.     Gral Investment Company is entitled to a declaratory judgment that its claim against the Debtor and the Estate is allowed pursuant to § 502 of the Code, and is not subject to subordination under § 510(c) or any other provision of the Code.

### TWENTY-SIXTH CAUSE OF ACTION – DETERMINATION THAT THE CLAIM OF INTEGRAL MANAGEMENT COMPANY IS ALLOWED AND NOT SUBORDINATED

129.     Plaintiffs reallege and incorporate by reference the jurisdictional and factual allegations in paragraphs 1 through 81.

130.     Plaintiff Integral Management Company holds an unsecured claim against the Debtor that is correctly listed in the Debtor's schedules.

131.     The claim of Integral Management Company is based on a valid debt of the Debtor, and is allowable as an unsecured claim pursuant to § 502 of the Code.

132.     Integral Management Company is entitled to a declaratory judgment that its claim against the Debtor and the Estate is allowed pursuant to § 502 of the Code, and is not subject to subordination under § 510(c) or any other provision of the Code.

**WHEREFORE,** the plaintiffs request that the Court enter judgments:

A.     Declaring that the plaintiffs did not receive any transfers from the Debtor that may be avoided as fraudulent transfers pursuant to §§ 544 or 548 of the Code, or recovered from the plaintiffs pursuant to § 550 of the Code;

B.     Declaring that the assets owned by the LLC plaintiffs are not property of the Estate, and cannot be made property of the Estate, through or by virtue of such legal doctrines as alter ego, veil-piercing, reverse veil-piercing or substantive consolidation;

C.     Declaring that Donald A. Gral did not conspire to defraud or cause injury to creditors of the Debtor;

D.     Declaring that Donald J. Gral did not conspire to defraud or cause injury to creditors of the Debtor;

E.     Declaring that the claims filed by Donald A. Gral against the Debtor and the Estate are allowed pursuant to § 502 of the Code, and are not subject to subordination under § 510(c) or any other provision of the Code;

F.     Declaring that the claim filed by Donald J. Gral against the Debtor and the Estate is allowed pursuant to § 502 of the Code, and is not subject to subordination under § 510(c) or any other provision of the Code;

G.     Declaring that the claim filed by Integral Investments, LLC against the Debtor and the Estate is allowed pursuant to § 502 of the Code, and is not subject to subordination under § 510(c) or any other provision of the Code;

H.   Declaring that the scheduled claims of Gral Investment Company, LLC and Integral Management Company, LLC against the Debtor and the Estate are allowed pursuant to § 502 of the Code, and are not subject to subordination under § 510(c) or any other provision of the Code; and

I.   Granting such further relief as the Court finds just and necessary.

Dated this 7th day of September, 2017.

Stafford Rosenbaum LLP
1200 N. Mayfair Rd., Suite 430
Milwaukee, WI 53226
414-982-2867 (direct)
sallen@staffordlaw.com

/s/ *Susan K. Allen*
Susan K. Allen, Attorneys for Donald J. Gral

Leverson Lucey & Metz S.C.
3030 W. Highland Blvd.
Milwaukee, WI 53208
414-271-8502 (direct)
mlm@levmetz.com

/s/ *Mark L. Metz*
Mark L. Metz, Attorneys for all plaintiffs
  other than Donald J. Gral