THE FOLLOWING ORDER
IS APPROVED AND ENTERED
AS THE ORDER OF THIS COURT:

DATED: September 6, 2019



G. Michael Halfenger
Chief United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

In re:

    Michael A. Gral,　　　　　　　　　　　　Case No. 16-21329-gmh
　　　　　　　　　　　　　　　　　　　　　　　　　　　Chapter 7
    Debtor.

Donald A Gral et al.,

    Plaintiffs,

    v.　　　　　　　　　　　　　　　　　　　　Adv. Proc. No. 17-02277-gmh

Michael A. Gral,

    Defendants.

**ORDER REQUIRING CHAPTER 7 TRUSTEE TO ANSWER AND FILE
COUNTERCLAIMS OR GIVE NOTICE OF ABANDONMENT OF CLAIMS**

    Two years have passed since the plaintiffs commenced this adversary proceeding seeking a declaratory judgment that, among other things, the debtor's bankruptcy estate

has no fraudulent-conveyance claims against them and that the property of the LLC plaintiffs neither is nor can be made property of the bankruptcy estate through claims of alter ego, veil piercing, or the like. At the time, the debtor's bankruptcy case was under chapter 11. The court permitted the Unsecured Creditors Committee to intervene and granted it derivative standing to proceed on behalf of the estate.

The UCC filed vaporous counterclaims. On November 29, 2017, the court ordered the UCC to file an amended answer and counterclaim by no later than January 5, 2018. Counsel for the UCC missed that deadline. At the parties' request, the court extended the deadline for the UCC to file amended pleadings to March 9, 2018, and then to May 8, 2018, before staying the proceedings altogether based on the UCC's motion, which described "ongoing discussions" between the UCC and the debtor "exploring the possibility of a consensual plan" as "constructive." ECF No. 23, at 5. The court repeatedly continued the stay, including, in September 2018, to await the results of the debtor's chapter 11 plan negotiations, ECF No. 32, at 2; in December 2018, to consider the approval of the disclosure statement in the debtor's chapter 11 case, ECF No. 35, at 3; and, in March 2019, after the debtor's case was converted to a chapter 7 case, to allow time for the appointment of a trustee, ECF No. 40, at 3. In July 2019 the court allowed the chapter 7 trustee and his counsel additional time to investigate the circumstances underlying this proceeding but scheduled an August 19 hearing and directed the trustee to come to that hearing "prepared to provide the court with a meaningful explanation of the estate's contemplated theories of recovery", among other things. ECF No. 45, at 3.

At the hearing on August 19 the United States trustee (by counsel) announced that he might move to dismiss the debtor's chapter 7 case. The court set a deadline of August 30 for the filing of any dismissal motions and adjourned the hearing in this proceeding to September 30. ECF No. 49, at 2–3. The United States trustee timely moved to dismiss the debtor's case under 11 U.S.C. §707(a).

On September 3, the court held a preliminary hearing on the United States trustee's motion to dismiss (and a pretrial conference in the United States trustee's newly filed adversary proceeding against the debtor under 11 U.S.C. §727). At that hearing counsel for the chapter 7 trustee orally joined the United States trustee's motion to dismiss but also suggested that the estate may have claims in this adversary proceeding that would yield distributable funds. The existence of valuable claims by the estate against the plaintiffs in this adversary proceeding is at least potentially relevant to the pending motion to dismiss the debtor's chapter 7 case.

For these reasons, IT IS ORDERED that **on or before September 27, 2019**, the chapter 7 trustee must either (1) file a well-pleaded answer and counterclaims in this

adversary proceeding or (2) give notice to all creditors in the debtor's chapter 7 case that he proposes to abandon all claims that the estate could assert in this adversary proceeding and file such notice with the court.

If the trustee elects to file an amended pleading, he must plead non-conclusory facts demonstrating that each alleged counterclaim is plausible and must plead with particularity the facts on which any claim of fraud is premised. All counterclaims based on alter ego, veil piercing, or a similar theory must be pleaded against distinct entities (rather than against a group or groups of entities) and must allege non-conclusory facts plausibly supporting the claim against each specific entity. In addition, if the trustee's pleading does not identify the legal bases for the claims he pleads, he must file a memorandum with his pleading that describes at least one legal theory for each claim, citing supporting legal authority.

If the trustee does not file and give notice that he proposes to abandon the estate's claims in this proceeding, the parties must be prepared to engage in a detailed discussion of the most efficient way to litigate the claims at the adjourned hearing on September 30, 2019. The parties must also be prepared to discuss the means, scope, and timing of discovery; contemplated motion practice; their willingness to engage in mediation; and the time required to have the matter prepared for trial. In addition, the parties should be prepared to address all of the matters discussed at the status hearing in this adversary proceeding held on July 18, 2019, and additionally must be prepared to address all of the matters described in Federal Rule of Civil Procedure 16(c)(2).

#####